# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA    )
                                         )
v.                                   )          CR417-253
                                         )
RAHEEM WILLIAMS,         )
                                         )
     Defendant.         )

## ORDER

Defendant Raheem Williams, indicted for possession of a firearm as a felon, seeks to suppress evidence seized during a warrantless search of his person. Doc. 32. He seeks a hearing on the matter. *Id.* at 6. Williams, however, has failed to meet the fundamental pleading standard established by the Eleventh Circuit for such a suppression motion, and therefore his motion as presently framed does not merit an evidentiary hearing (much less any relief).

Williams' factual recitation refers to the incident report prepared by the arresting officer. Doc. 32 at 1-2. That report supports Williams' factual assertions that the police seized his person without a warrant, executed a warrantless search of his person, and found a "Glock Model 19 semi-automatic pistol" in his left front pocket. *Id.* at 2. But he

1

disputes and supplements the report's description of the initial encounter, contending that officers did not identify themselves as police and that "at least a few of the officers involved were masked and wearing plain clothes." *Id.* Thus, it is not clear that he is adopting the police report's entire recitation of facts.

The chief problem with Williams' motion is that he fails to allege any facts establishing a violation of his Fourth Amendment rights. "'A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the Court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions . . . .'" *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985)) (emphasis added). A defendant is not entitled to a hearing on his suppression motion unless he "allege[s] facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527. It is not sufficient for defendants to "'promise' to prove at the evidentiary hearing what they did not specifically allege in their motion to suppress." *Cooper*, 203 F.3d at 1285.

Williams' motion falls well short of this standard. The only facts

asserted in his motion are that the police seized him, searched him, and seized the pistol that forms the basis of his prosecution, all without a warrant. Doc. 32 at 1-2. Of course, the mere assertion that police conducted a warrantless seizure and search of Williams' person does not show *per se* that his rights were in any way violated or that he is entitled to the suppression of evidence. Legions of cases have upheld warrantless searches and seizures as "reasonable" within the meaning of the Fourth Amendment. Simply alleging that a search or seizure was "warrantless," therefore, does not establish its constitutional invalidity.

True, Williams further asserts that "he was seized without probable cause or even reasonable articulable suspicion . . . in violation of the Fourth Amendment" because the approaching officers "had, at best, a subjective un-particularized suspicion, or a hunch, of criminal activity." Doc. 32 at 3. These, however, are mere conclusions, not facts. Such conclusory, factually deficient claims not only fail to entitle defendant to an evidentiary hearing on his motion, they warrant the outright denial of the motion. *Richardson*, 764 F.2d at 1527 (defendants' claim that they were arrested and searched without probable cause was a conclusory assertion unaccompanied by any facts to support their contention, and

therefore the trial court did not abuse its discretion in declining to hold an evidentiary hearing or denying the motion); *id.* at 1528 (defendant not entitled to an evidentiary hearing on his claim that the warrantless search of his premises was "without probable cause," as he never described the particular factual circumstances that offered support for that conclusory statement); *Cooper*, 203 F.3d at 1284 (defendants not entitled to evidentiary hearing where their "claim to standing [was] founded only on their ultimate conclusion that the hotel room was 'theirs,' rather than on facts demonstrating that conclusion to be true."). Until Williams alleges specific, detailed, and nonconjectural facts that could support a finding that the police had no legal reason to stop, seize, and search him, he is not entitled to an evidentiary hearing on his suppression motion.

Williams should further remember that in addition to alleging facts that, if established in his favor, would require the grant of relief, he must offer some minimal evidentiary support for each factual assertion set forth in his motion. S.D. Ga. L. Cr. R. 12.1. "Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." *Id.* Counsel's mere summary of his

client's unsworn narrative of the pertinent events will not suffice.[1]

Williams' Fourth Amendment claim is founded entirely upon the ultimate conclusion that "the police had no legal reason to stop, seize, and search" him or his vehicle, not upon facts demonstrating that conclusion to be true. The Court, therefore, will not conduct an evidentiary hearing until Williams alleges "facts that, if proved, would require the grant of relief." *Richardson*, 764 F.2d at 1527. Williams shall have 14 days from the date this Order is served to comply with this requirement, as well as L. Cr. R. 12.1, or else he will deprive himself of any possibility of an evidentiary hearing and face the denial of his motion.

---

[1] If Williams meant to adopt the entire factual recitation set forth in the police incident report as his own, he shall say so plainly. Williams is cautioned, however, that the detailed factual recitation of the police incident report does not appear to show a violation of his constitutional rights. That report states these critical facts: SCMPD officers were conducting surveillance in the Cuyler-Brownsville neighborhood of Savannah -- a known drug location -- and noticed defendant and several others dallying in front of a closed and apparently vacant property. After identifying themselves as "POLICE" and displaying their badges, the officers attempted to talk to defendant and his compatriots. Williams took off running, tossed something, and appeared to try to throw something else away, but was foiled when he tripped over his own pants. He was found with a loaded Glock 9mm with an extended magazine on his person, and as officers walked with him he appeared to discard a box containing marijuana, crack cocaine, and cocaine. The firearm, it turned out, was stolen. If these are the stipulated facts, Williams' motion is on thin ice (although the Court will give him a further opportunity to argue otherwise). *See Illinois v. Wardlow*, 528 U.S. 119, 124 (1996) (headlong, unprovoked flight from officers in a high crime area furnished reasonable suspicion that the defendant was engaged in criminal activity and justified his stop).

**SO ORDERED,** this  1st  day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA